# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 11-30137
Summary Calendar

October 12, 2011

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY ANTOINE BIRTHA, also known as Terelle Williams,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:07-CR-20052-2

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Anthony Antoine Birtha, now federal prisoner # 13911-035, and his co-conspirators were involved in a series of armed home invasions and robberies targeting known drug dealers, resulting in his conviction of various federal offenses. *United States v. Birtha*, 384 F. App'x 351, 352 (5th Cir. 2010) (direct appeal), *cert. denied*, 131 S. Ct. 582 (2010). In affirming Birtha's conviction, we held that evidence that Birtha had committed a sexual assault during one of the robberies was intrinsic to the conspiracy and, therefore, was not governed by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30137

Federal Rule of Evidence 404(b). *Id.* at 352-53. After the direct appeal was resolved, Birtha filed a motion for a new trial and a motion to strike unnecessary language from the indictment. Birtha contended in the motions that the State of Louisiana has voluntarily dismissed state charges related to the sexual assault. The district court construed both motions as requesting a new trial and denied them as untimely. The district court also determined that even if the motion were timely, the evidence of the dismissal of the state charges was not sufficient to warrant a new trial. Birtha gave timely notice of his appeal.

We have reviewed the district court's order for an abuse of discretion. *See United States v. Piazza*, 647 F.3d 559, 564-65 (5th Cir. 2011). A new trial may be granted by the trial court in the interest of justice. FED. R. CRIM. P. 33(a). If the motion is based upon newly discovered evidence, it must be filed within three years of the verdict or finding of guilt. RULE 33(b)(1). Otherwise, it must be filed within 14 days after the verdict or finding of guilt. RULE 33(b)(2). To receive a new trial based on newly discovered evidence, the defendant must show: (1) that the evidence is newly discovered and was unknown to him at the time of trial; (2) that the failure to discover the evidence previously was not due to a lack of due diligence; (3) that the evidence is not merely cumulative or impeaching; (4) that the evidence is material; and (5) that the evidence, if introduced at a new trial would probably produce an acquittal. *Piazza*, 647 F.3d at 565. The failure to satisfy any of these five factors will result in denial of the motion. *Id.* It is not necessary for us to decide whether Birtha's motion for new trial is otherwise proper because he has failed to satisfy the fourth and fifth factors for receiving a new trial based on newly discovered evidence.

Birtha contends that his motion was timely because it was based on newly discovered evidence, and because it was filed within three years of the verdict. He insists that the evidence of the sexual assault was the only evidence linking him with the conspiracy, and that the nature of the evidence made it especially prejudicial. Birtha argues that the materiality of the evidence is shown by this

2

court's reliance on the evidence of the sexual assault in affirming his convictions. He contends that the dismissal of the state charges shows that he is innocent of the sexual assault. Birtha contends also that the district court abused its discretion in refusing to reopen his motion to strike unnecessary language from the indictment. These arguments are without merit.

The Government was only required to prove the fact of the sexual assault by "produc[ing] sufficient evidence to permit a reasonable jury to find the preliminary facts by a preponderance of the evidence." *United States v. Isaacs*, 257 F. App'x 704, 706 (5th Cir. 2006) (citation omitted); *see United States v. Beechum*, 582 F.2d 898, 913 (5th Cir. 1978) (en banc). The evidence it presented was more than adequate to carry that burden. Because the Government produced sufficient evidence to allow a jury to find the sexual assault occurred by a preponderance of the evidence, the sexual assault evidence would have been admitted, whether or not there was evidence that the related state charges had been dismissed. *See Beechum*, 582 F.2d at 913. For that reason, evidence that the state charges were dismissed was not material and would not have produced an acquittal. *See Piazza*, 647 F.3d at 565. Birtha has not shown that the district court abused its discretion in construing his motion to strike as a motion for a new trial or in denying the request for a new trial based on newly discovered evidence. *See id.* We have not considered whether the district court erred in its alternative holding that the motion was untimely. The district court's order is AFFIRMED. Birtha has moved for summary disposition of the appeal. The motion is DENIED AS MOOT. He has also requested appointment of counsel and to supplement the record. These motions are also DENIED.